IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FOSTER, | No. CIV S-10-0726-CMK-P |
|     Plaintiff, | |
|     vs. | ORDER |
| A. LYNN, et al., | |
|     Defendants. | |
|                                 / | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for preliminary injunctive relief (Doc. 2); and (2) plaintiff's motion for leave to amend (Doc. 10).

       Turning first to plaintiff's motion for injunctive relief, the legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns,

1

Case 2:10-cv-00726-LKK-CMK   Document 14   Filed 02/16/11   Page 2 of 3

Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff alleges that state laws and/or regulations governing an inmate's eligibility for restoration of good-time credits are unconstitutional in that they deny inmates procedural and substantive due process guarantees. On the merits, plaintiff seeks a declaration that the laws and/or regulations being challenged are unconstitutional, as well as a permanent injunction on their future application. In order to be entitled to preliminary injunctive relief plaintiff must demonstrate, among other things, that he is likely to succeed on the merits. Here, the court finds that, while plaintiff has a possibility of success on the merits, he has not at this stage of the proceedings demonstrated a likelihood of success on the merits, which is required for a preliminary injunction. For this reason, plaintiff's motion for preliminary injunctive relief will be denied.

As to plaintiff's motion for leave to amend, that motion will be denied as unnecessary. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). Here, plaintiff seeks leave to amend the complaint. A complaint is a pleading to which a responsive pleading would be required. Therefore, leave to amend is not required where, as here, no responsive pleading or Rule 12 motion has been filed. Plaintiff's first amended complaint, filed on June 16, 2010, is deemed properly filed and is the operative pleading in this case. The sufficiency of the amended complaint will be addressed separately.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief (Doc. 2) is denied; and
2. Plaintiff's motion for leave to amend (Doc. 10) is denied as unnecessary.

DATED: February 15, 2011

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE