IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,                                        No. CIV S-10-0726-CMK-P

       Plaintiff,

   vs.                                                              ORDER TO SHOW CAUSE

A. LYNN, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, challenging a prison disciplinary proceeding. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 11).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following individuals as defendants: Lynn, Statti, Dailo, Carrasco, Martinez, and the Secretary of CDCR. Plaintiff claims:

> The Department of Corrections has provided for the imposition of credit restoration pursuant to section 3328(b)(c) of the Title 15. Thereby creating a liberty interest in the restoration of credits per 3328(b)(c). However, section 3327denys an inmate his liberty interest in the restoration of credits without due process. Section 3327 is unconstitutional, in that its self acting in forfeiting an inmates eligibility to restore goodtime credits without affording due process "Before" the decision revoking an inmates eligibility. And thus, allows a case worker to do it arbitrabily without providing an inmate a hearing (revocation) to formally forfeit an inmates eligibility in conformance with the due process clause. I submitted CDCR 958 forms to my case worker A. Lynn, and M. Dailo for resturation of my credits, and the applicaitons were denied by the case workers pursuant to section 3327 without affording me a hearing in violation of my rights to due process.

(Am. Compl., Doc. 11, errors in original).

Plaintiff further alleges the other named defendants, Martinez, Carrasco, and Statti, each denied his inmate grievances at separate levels.

## II. DISCUSSION

As set forth in a separate order, the undersigned finds the complaint sufficient to authorize service as to defendants Lynn and Dailo. However, the other three defendants were only involved in the issues raised in the complaint through the inmate appeals process.

2

1          Prisoners have no stand-alone due process rights related to the administrative
2  grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
3  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
4  inmates to a specific grievance process).  Because there is no right to any particular grievance
5  process, it is impossible for due process to have been violated by ignoring or failing to properly
6  process grievances.   Numerous district courts in this circuit have reached the same conclusion.
7  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
8  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
9  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
10 grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
11 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
12 a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
13 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
14 properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
15 right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
16 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in
17 certain circumstances, implicate the First Amendment.
18          As defendants Statti, Martinez, and Carrasco were not involved in the decision
19 making as to plaintiff's application for credit restoration, and their only involvement was through
20 the inmate grievance process, plaintiff has not stated a claim against them.  Nor does it appear
21 that plaintiff can state a claim against these three defendants for the same reason.
22          In addition, plaintiff names the Secretary of the California Department of
23 Corrections and Rehabilitation (CDCR).  However, plaintiff fails to allege any facts as to the
24 Secretary, nor does he identify how the Secretary was involved in his alleged constitutional
25 violations.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
26 connection or link between the actions of the named defendants and the alleged deprivations.

See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

While the failure to set forth facts sufficient to link a specific defendant to the alleged constitutional violation is generally a curable defect, that is not the case where the only involvement in the alleged constitutional deprivation stems from the defendant's supervisory position. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the constitution." Iqbal, 129 S. Ct. at 1948.  Thus, any possible claim against the Secretary in this situation would be based on his supervisory duties, not from his actual involvement in the denial of plaintiff's credit restoration application.  It is therefore also appropriate to dismiss the Secretary from this action.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to the dismissal of these three defendants from this action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why these defendants (Statti, Martinez, Carrasco, and the Secretary of CDCR) should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.

DATED: April 21, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE