IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD FOSTER,                              No. CIV S-10-0726-LKK-CMK-P

    Plaintiff,

  vs.                                     FINDINGS AND RECOMMENDATIONS

A. LYNN, et al.,

    Defendants.

_____/

        Plaintiff, a State prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, challenging a prison disciplinary proceeding. Pending before the court is defendants' motion to dismiss (Doc. 25) and motion for judicial notice (Doc. 26). Plaintiff has filed an opposition to the motion to dismiss, and defendants have filed a reply.

**I.  Background**

        This action proceeds on plaintiff's amended complaint (Doc. 11). Plaintiff is challenging the procedures used for the restoration of good-time credits pursuant to the California Code of Regulations, Title 15, § 3327. Plaintiff argues that due process requires a committee hearing before an application to restore good-time credits is denied. There is also some indication that plaintiff is challenging the denial of his application for credit restoration.

1

## II.  Motion to Dismiss

Defendants bring this motion to dismiss pursuant to Rule 12(b)(6) on several grounds.  Defendants argue this action is not ripe for adjudication; is barred by the applicable statute of limitations; is barred by the doctrine of collateral estoppel; and that the amended complaint otherwise fails to state a claim for denial of due process.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has

2

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. <u>See</u> <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998); <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, <u>see</u> <u>Branch</u>, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, <u>see</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994).

### A. Ripeness

Defendants' first argument is that this case is not ripe for adjudication until such time as plaintiff invalidates his release date in a petition for writ of habeas corpus. The basis for this argument is that if plaintiff were to prevail in this action, it would necessarily impact his release date.

Plaintiff contends that his complaint does not challenge the fact or duration of his imprisonment, but is only challenging the constitutionality of a prison regulation, which he argues violates his right to due process of law. He therefore claims a favorable ruling would only provide plaintiff with the opportunity to apply for the restoration of lost credits, not the immediate restoration thereof.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

///

However, where a prisoner is challenging procedures, and a favorable ruling would not necessary result in an inmate's immediate release or shorter stay in prison, it is possible to proceed in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Plaintiff's complaint is not precisely clear whether he is actually challenging a denial of the restoration of credits. He attaches to his amended complaint a denial of his application to restore his lost credits, wherein he asked for the lost credits to be restored. However, he makes it clear in his opposition to the motion to dismiss that this action is not a direct challenge to the denial of application, but rather is a challenge to the procedures used to determine when restoration of credits is proper. Therefore, to the extent there is a claim in the amended complaint directly challenging the denial of plaintiff's application to restore his lost good-time credits, such a claim would properly be the subject of a habeas action and not a § 1983 action. Any such claim in this case must be dismissed. However, as the court reads plaintiff's complaint, and as he attempts to clarify in his opposition to the motion to dismiss, plaintiff's claim is a denial of due process claim relating to the procedures used to determine whether lost good-time credits should be restored. To the extent plaintiff is challenging the procedures, such a claim is cognizable in a § 1983 action and is ripe for adjudication without a favorable habeas determination.

The undersigned finds defendants' motion to dismiss should be granted to the extent that any direct challenge to the denial of plaintiff's application for restoration of lost good-time credits should be dismissed from this action.

B. Statute of Limitations

Next, defendants argue that this action was filed beyond the expiration of the applicable statute of limitations. Defendants point to an inmate grievance wherein plaintiff

indicated that he had been denied restoration of credits in February 2006.  Thus, he had until February 2010 to file this action.  Plaintiff filed his original complaint in March 2010, a month too late.  Plaintiff counters that this action is not barred by the statute of limitations because he filed numerous inmate appeals beyond the one denied in February 2006.

        For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a two-year statute of limitations in § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions.").  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).  California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."  Accordingly, prisoners generally have four years from the time the claim accrues to file their action.

        Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues."  Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)).  "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."  Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).

        Here, pursuant to the argument set forth in plaintiff's amended complaint, as well as the documents attached thereto, it appears that plaintiff began challenging the procedures used to determine restoration of lost good time credits in 2005.  In his inmate grievances challenging

the procedures, he requested restoration of his good time credits on the basis that the procedures used to determine whether good time credits should be restored violated his due process rights. However, it appears he did not actually submit the proper application for restoration of credits until 2007. He states in his inmate grievance that he had not submitted the application earlier because he did not meet the disciplinary free criteria. His 2007 application was denied, and he filed another inmate grievance thereafter.

Plaintiff began challenging the procedures used in restoring good time credits in 2005, and those grievances were denied. However, he did not apply for restoration until 2007. It was not until his application for restoration was actually denied that plaintiff was injured. He may not have agreed with the procedures utilized for determining whether restoration was appropriate, but until those procedures were used to determine whether his credits should be restored or not, there was no injury to him to form the basis of his complaint. Therefore, the undersigned finds that plaintiff's injury occurred in 2007, and he had four years thereafter to file this action. As this action was filed in 2010, it was filed within the appropriate statue of limitations. Defendants have not met their burden to show otherwise. The motion to dismiss on this ground should therefore be denied.

### C.  Collateral Estoppel

Defendants next contend this action should be dismissed on the basis of collateral estoppel. Defendants argue that plaintiff raised this same issue with the State courts in a habeas petition, which has been denied, and plaintiff is therefore precluded from raising the issue in a subsequent action.

Plaintiff argues this is the first and only §1983 action he has filed challenging these procedures, and there has been no final judgment rendered. He further argues that a decision from the State court on a petition for writ of habeas corpus is not a definitive decision precluding him from seeking the relief the State court failed to provide. He also contends that a State court decision has no binding effect on this action, as the State courts do not grant any

prisoner petitions.

Under the doctrine of res judicata, or claim preclusion, an action may be barred where an earlier action involved the same claim and parties, and reached a final judgment on the merits. See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). A decision in a prior habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent civil rights action under 42 U.S.C. § 1983. See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1992) (federal habeas); Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981) (state habeas). Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254 case. See id. Similarly, under the doctrine of collateral estoppel, or issue preclusion, any issue necessarily and finally decided in an earlier action may not be relitigated in a later case involving a party to the prior action. See Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984 F.2d at 325.

Here, plaintiff filed a State habeas petition in 2006. Defendants request the court take judicial notice of the Kern County Superior Court's decision denying his petition. That request should be granted.[1] The State court's decision sets forth the following:

> Petitioner contends:
> (1) Section 3327(a)(2) prevented his application for restoration of credits because he did not stay disciplinary free;
> (2) Section 3327(a)(2) is unconstitutional because it automatically forfeited credits without a 'revocation' hearing and that he was thus deprived of due process; and
> (3) Respondents arbitrarily deemed Petitioner ineligible from restoring credits already earned without affording a 'revocation' hearing.

(Doc. 26 at 9). The State habeas court then found nothing unconstitutional in the well published section. Regarding plaintiff' due process claim, the Court stated:

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

8

> Petitioner is not denied due process. After he has allegedly committed a rules violation, Title 15 sets forth a well known procedure commencing with Section 3310 et. seq. for hearings to determine the truth of whether an inmate violated any rule. By those sections, the inmate possesses certain rights to participate in the hearing. Apparently Petitioner does not avail himself of those opportunities. After the hearing, there is a well known appeal process which Petitioner used in this case. Second after the inmate is determined to be guilty of the rules violation, the consequence of that determination in connection with loss of good time credits is also set forth in Title 15, commencing with Section 3323. Among the other due process opportunities is the opportunity to apply for restoration of credits and right to attend that hearing. The process provides both "before" and "after" hearings. The court sees no due process deficiency here with this scheme. The California Department of Corrections has provided the inmate with plenty of due process.

(Doc. 26 at 10).

Plaintiff raises the same issue in this action which he raised in his State habeas petition: that he was denied due process by § 3327 not providing inmates with a hearing in connection with an application for the restoration of lost good time credits. There are times wherein the proceedings in habeas will not provide the parties with the opportunity to fully and fairly adjudicate the issues or claims. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 n.15 (1979) (indicating the lack of ability to engage in full scale discovery may preclude the application of collateral estoppel). However, the lack of discovery in plaintiff's prior State habeas proceeding does not preclude the application of collateral estoppel in this action. Here, the State habeas court determined that the process set forth in Title 15 for the loss and restoration of good time credits did not violate plaintiff's due process rights. This is the exact same issue raised in plaintiff's complaint before this court. Plaintiff's contention that State courts never grant prisoner's petitions is not meritorious; an unfavorable decision does not render a prior court decision invalid. The undersigned finds collateral estoppel is applicable, and defendants' motion to dismiss on this ground should be granted.

/ / /

/ / /

### D. Due Process

Finally, defendants argue that plaintiff fails to state a claim for denial of due process as he was given all process that was due.

Plaintiff contends Title 15 creates a liberty interest in the restoration of credits, but fails to provide sufficient due process. He argues that § 3327 is "self-acting in forfeiting an inmates eligibility to restore good time credits without affording due process 'before' the decision revoking an inmates eligibility and thus, allows a case worker to do it arbitrarily without providing an inmate a hearing (revocation) to formally forfeit an inmates eligibility in conformance with the due process clause." (Pl. Opp., Doc. 27 at 9-10).

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question "is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

///

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

In this case, plaintiff's claim of denial of due process arises from the lack of a hearing to determine whether an inmate meets the criteria for the restoration of good time credits previously lost due to a rules violation. Thus, the court is not looking at whether due process was provided for the loss of the credits, but rather whether a hearing is required by due process for the restoration of those credits previously lost where there was no due process violation relating to the loss thereof. As a prisoner has no federally protected liberty interest in good-time credits, see Wolff, 418 U.S. at 557, the court looks to whether state law confers such an interest. The deprivation plaintiff is challenging is the lack of a hearing. The court is hard pressed to find any deprivation here. Plaintiff admits he lost the good time credits due to violating the rules. Plaintiff does not claim a violation of due process in losing those credits. He argues that because the prison failed to provide him a hearing to determine if he is entitled to restore those lost credits, the prison is effectively depriving him of the credits for a second time. The court does not agree with his reasoning. The provision for restoring lost credits is a reward for good

behavior. There are certain requirements set forth in that provision as to how long an inmate must remain disciplinary free before he can qualify for the restoration. If an inmate fails to remain disciplinary free for the required amount of time, he is not entitled to the restoration of credits. Plaintiff fails to explain how exactly that process violates due process, and how a hearing in that situation could alter the results and make the process more fair.

The undersigned agrees that plaintiff fails to state a claim for violation of his due process rights. Therefore, as an alternative reason from those given above, the motion to dismiss should be granted for plaintiff's failure to state a claim.

### III.  Conclusion

Based on the foregoing, the undersigned finds that to the extent plaintiff is challenging the denial of his application to restore his good time credits, such a claim needs to be raised in a habeas petition not a § 1983 action, and should be dismissed from this case. Based on the information before the court, it does not appear that the statute of limitations has run on plaintiff's claim challenging the procedures used for restoration of lost good time credits. However, given the State court's determination in plaintiff's state habeas action that due process is not violated by the challenged procedures, the undersigned finds collateral estoppel is applicable to bar plaintiff from proceeding on the same issue in this action and the motion to dismiss should be granted. Alternatively, the undersigned finds plaintiff's complaint fails to state a claim for denial of due process based on the procedures challenged for restoration of good time credits.

Accordingly, the undersigned recommends that defendants' motion for judicial notice (Doc. 26) and motion to dismiss (Doc. 25) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of

1 | objections.  Failure to file objections within the specified time may waive the right to appeal.
2 | See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 |
4 |  DATED:  February 21, 2012
5 |
6 | CRAIG M. KELLISON
  | UNITED STATES MAGISTRATE JUDGE