1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD FOSTER,                          No. CIV S-10-0726-LKK-CMK-P

12              Plaintiff,

13        vs.                                   FINDINGS AND RECOMMENDATIONS

14    A. LYNN, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a State prisoner proceeding pro se, brings this civil rights action pursuant

18    to  42 U.S.C. § 1983, challenging a prison disciplinary proceeding.  Pending before the court is

19    defendants' motion to dismiss (Doc. 25) and motion for judicial notice (Doc. 26).  Plaintiff has

20    filed an opposition to the motion to dismiss, and defendants have filed a reply.

21              **I.  Background**

22              This action proceeds on plaintiff's amended complaint (Doc. 11).  Plaintiff is

23    challenging the procedures used for the restoration of good-time credits pursuant to the

24    California Code of Regulations, Title 15, § 3327.  Plaintiff argues that due process requires a

25    committee hearing before an application to restore good-time credits is denied.  There is also

26    some indication that plaintiff is challenging the denial of his application for credit restoration.

1

1   **II.  Motion to Dismiss**

2        Defendants bring this motion to dismiss pursuant to Rule 12(b)(6) on several

3   grounds.  Defendants argue this action is not ripe for adjudication; is barred by the applicable

4   statute of limitations; is barred by the doctrine of collateral estoppel; and that the amended

5   complaint otherwise fails to state a claim for denial of due process.

6        In considering a motion to dismiss, the court must accept all allegations of

7   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

8   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

9   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

10  738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

11  ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

12  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

13  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

14  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

15  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "The issue is not whether a plaintiff

16  will ultimately prevail but whether the claimant is entitled to offer evidence to support the

17  claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v.

18  Scherer, 468 U.S. 183 (1984).

19        Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

20  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

21  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

22  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

23  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

24  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

25  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

26  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

2

1   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2   reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at

3   1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

4   than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S.

5   at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

6   it 'stops short of the line between possibility and plausibility for entitlement to relief." <u>Id.</u>

7   (quoting <u>Twombly</u>, 550 U.S. at 557).

8         In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

9   outside the complaint and pleadings. <u>See Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998);

10   <u>Branch v. Tunnell</u>, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1)

11   documents whose contents are alleged in or attached to the complaint and whose authenticity no

12   party questions, <u>see Branch</u>, 14 F.3d at 454; (2) documents whose authenticity is not in question,

13   and upon which the complaint necessarily relies, but which are not attached to the complaint, <u>see</u>

14   <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

15   of which the court may take judicial notice, <u>see Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir.

16   1994).

17         A.  Ripeness

18         Defendants' first argument is that this case is not ripe for adjudication until such

19   time as plaintiff invalidates his release date in a petition for writ of habeas corpus. The basis for

20   this argument is that if plaintiff were to prevail in this action, it would necessarily impact his

21   release date.

22         Plaintiff contends that his complaint does not challenge the fact or duration of his

23   imprisonment, but is only challenging the constitutionality of a prison regulation, which he

24   argues violates his right to due process of law. He therefore claims a favorable ruling would only

25   provide plaintiff with the opportunity to apply for the restoration of lost credits, not the

26   immediate restoration thereof.

1          Where a § 1983 action seeking monetary damages or declaratory relief alleges

2    constitutional violations which would necessarily imply the invalidity of the prisoner's

3    underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in

4    imposition of a sanction affecting the overall length of confinement, such a claim is not

5    cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal,

6    by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477,

7    483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

8    malicious prosecution action which includes as an element a finding that the criminal proceeding

9    was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

10   (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

11   attempt to challenge substantive result in parole hearing); cf. Neal v. Shimoda, 131 F.3d 818, 824

12   (9th Cir. 1997) (concluding that § 1983 claim was cognizable because challenge was to

13   conditions for parole eligibility and not to any particular parole determination).  In particular,

14   where the claim involves loss of good-time credits as a result of an adverse prison disciplinary

15   finding, the claim is not cognizable.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding

16   that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing

17   officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time

18   credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d

19   850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does

20   not apply to challenges to prison disciplinary hearings where the administrative sanction imposed

21   does not affect the overall length of confinement and, thus, does not go to the heart of habeas).  If

22   a § 1983 complaint states claims which sound in habeas, the court should not convert the

23   complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be

24   dismissed without prejudice and the complaint should proceed on any remaining cognizable §

25   1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

26   / / /

1    However, where a prisoner is challenging procedures, and a favorable ruling

2    would not necessary result in an inmate's immediate release or shorter stay in prison, it is

3    possible to proceed in a § 1983 action.  See Wilkinson v. Dotson, 544 U.S. 74 (2005)

4    (concluding that § 1983 action seeking changes in procedures for determining when an inmate is

5    eligible for parole consideration not barred because changed procedures would hasten future

6    parole consideration and not affect any earlier parole determination under the prior procedures).

7    Plaintiff's complaint is not precisely clear whether he is actually challenging a

8    denial of the restoration of credits.  He attaches to his amended complaint a denial of his

9    application to restore his lost credits, wherein he asked for the lost credits to be restored.

10   However, he makes it clear in his opposition to the motion to dismiss that this action is not a

11   direct challenge to the denial of application, but rather is a challenge to the procedures used to

12   determine when restoration of credits is proper.  Therefore, to the extent there is a claim in the

13   amended complaint directly challenging the denial of plaintiff's application to restore his lost

14   good-time credits, such a claim would properly be the subject of a habeas action and not a § 1983

15   action.  Any such claim in this case must be dismissed.  However, as the court reads plaintiff's

16   complaint, and as he attempts to clarify in his opposition to the motion to dismiss, plaintiff's

17   claim is a denial of due process claim relating to the procedures used to determine whether lost

18   good-time credits should be restored.  To the extent plaintiff is challenging the procedures, such a

19   claim is cognizable in a § 1983 action and is ripe for adjudication without a favorable habeas

20   determination.

21   The undersigned finds defendants' motion to dismiss should be granted to the

22   extent that any direct challenge to the denial of plaintiff's application for restoration of lost good-

23   time credits should be dismissed from this action.

24   B.  Statute of Limitations

25   Next, defendants argue that this action was filed beyond the expiration of the

26   applicable statute of limitations.  Defendants point to an inmate grievance wherein plaintiff

1    indicated that he had been denied restoration of credits in February 2006.  Thus, he had until

2    February 2010 to file this action.  Plaintiff filed his original complaint in March 2010, a month

3    too late.  Plaintiff counters that this action is not barred by the statute of limitations because he

4    filed numerous inmate appeals beyond the one denied in February 2006.

5            For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is

6    California's statute of limitations for personal injury actions.  See Wallace v. Kato, 549 U.S. 384,

7    387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985);  Karim-Panahi v. Los Angeles

8    Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).  In California, there is a two-year statute of

9    limitations in § 1983 cases.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d

10   945, 954 (9th Cir. 2004);  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions

11   under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury

12   actions.").  State tolling statutes also apply to § 1983 actions.  See Elliott v. City of Union City,

13   25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).  California Civil

14   Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the

15   plaintiff, "at the time the cause of action accrued, [is] imprisoned on a criminal charge, or in

16   execution under sentence of a criminal court for a term of less than for life."  Accordingly,

17   prisoners generally have four years from the time the claim accrues to file their action.

18           Notwithstanding the application of the forum's state law regarding the statute of

19   limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is

20   "federal law" which "governs when a claim accrues."  Fink v. Shedler, 192 F.3d 911, 914 (9th

21   Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)).  "A claim

22   accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

23   action."  Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996)).

24           Here, pursuant to the argument set forth in plaintiff's amended complaint, as well

25   as the documents attached thereto, it appears that plaintiff began challenging the procedures used

26   to determine restoration of lost good time credits in 2005.  In his inmate grievances challenging

1   the procedures, he requested restoration of his good time credits on the basis that the procedures

2   used to determine whether good time credits should be restored violated his due process rights.

3   However, it appears he did not actually submit the proper application for restoration of credits

4   until 2007.  He states in his inmate grievance that he had not submitted the application earlier

5   because he did not meet the disciplinary free criteria.  His 2007 application was denied, and he

6   filed another inmate grievance thereafter.

7           Plaintiff began challenging the procedures used in restoring good time credits in

8   2005, and those grievances were denied.  However, he did not apply for restoration until 2007.  It

9   was not until his application for restoration was actually denied that plaintiff was injured.  He

10  may not have agreed with the procedures utilized for determining whether restoration was

11  appropriate, but until those procedures were used to determine whether his credits should be

12  restored or not, there was no injury to him to form the basis of his complaint.  Therefore, the

13  undersigned finds that plaintiff's injury occurred in 2007, and he had four years thereafter to file

14  this action.  As this action was filed in 2010, it was filed within the appropriate statue of

15  limitations.  Defendants have not met their burden to show otherwise.  The motion to dismiss on

16  this ground should therefore be denied.

17                  C.  Collateral Estoppel

18          Defendants next contend this action should be dismissed on the basis of collateral

19  estoppel.  Defendants argue that plaintiff raised this same issue with the State courts in a habeas

20  petition, which has been denied, and plaintiff is therefore precluded from raising the issue in a

21  subsequent action.

22          Plaintiff argues this is the first and only §1983 action he has filed challenging

23  these procedures, and there has been no final judgment rendered.  He further argues that a

24  decision from the State court on a petition for writ of habeas corpus is not a definitive decision

25  precluding him from seeking the relief the State court failed to provide.   He also contends that a

26  State court decision has no binding effect on this action, as the State courts do not grant any

                                                7

1  prisoner petitions.

2          Under the doctrine of res judicata, or claim preclusion, an action may be barred

3  where an earlier action involved the same claim and parties, and reached a final judgment on the

4  merits.  See Nordhorn v. Ladish Co, Inc., 9 F.3d 1402, 1404 (9th Cir. 1993).  A decision in a

5  prior habeas corpus action under 28 U.S.C. § 2254 can have preclusive effect in a subsequent

6  civil rights action under 42 U.S.C. § 1983.  See Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir.

7  1992) (federal habeas); Sperl v. Deukmejian, 642 F.2d 1154, 1155 (9th Cir. 1981) (state habeas).

8  Thus, a subsequent § 1983 action is barred if the identical claim was raised in a prior § 2254

9  case.  See id.  Similarly, under the doctrine of collateral estoppel, or issue preclusion, any issue

10  necessarily and finally decided in an earlier action may not be relitigated in a later case involving

11  a party to the prior action.  See Allan v. McCury, 449 U.S. 90, 94 (1980); see also Hawkins, 984

12  F.2d at 325.

13          Here, plaintiff filed a State habeas petition in 2006.  Defendants request the court

14  take judicial notice of the Kern County Superior Court's decision denying his petition.  That

15  request should be granted.[1]  The State court's decision sets forth the following:

16          Petitioner contends:
               (1)  Section 3327(a)(2) prevented his application for
17      restoration of credits because he did not stay disciplinary free;
               (2)  Section 3327(a)(2) is unconstitutional because it
18      automatically forfeited credits without a 'revocation' hearing and
        that he was thus deprived of due process; and
19               (3)  Respondents arbitrarily deemed Petitioner ineligible
        from restoring credits already earned without affording a
20      'revocation' hearing.

21  (Doc. 26 at 9).  The State habeas court then found nothing unconstitutional in the well published

22  section.  Regarding plaintiff' due process claim, the Court stated:

23

24          [1]  The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
        matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25      Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
        of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26      378 F.2d 906, 909 (9th Cir. 1967).

1
2
3
4
5
6
7
8
9

> Petitioner is not denied due process.  After he has allegedly committed a rules violation, Title 15 sets forth a well known procedure commencing with Section 3310 et. seq. for hearings to determine the truth of whether an inmate violated any rule.  By those sections, the inmate possesses certain rights to participate in the hearing.  Apparently Petitioner does not avail himself of those opportunities.  After the hearing, there is a well known appeal process which Petitioner used in this case.  Second after the inmate is determined to be guilty of the rules violation, the consequence of that determination in connection with loss of good time credits is also set forth in Title 15, commencing with Section 3323.  Among the other due process opportunities is the opportunity to apply for restoration of credits and right to attend that hearing.  The process provides both "before" and "after" hearings.  The court sees no due process deficiency here with this scheme.  The California Department of Corrections has provided the inmate with plenty of due process.

10  (Doc. 26 at 10).

11    Plaintiff raises the same issue in this action which he raised in his State habeas

12  petition:  that he was denied due process by § 3327 not providing inmates with a hearing in

13  connection with an application for the restoration of lost good time credits.  There are times

14  wherein the proceedings in habeas will not provide the parties with the opportunity to fully and

15  fairly adjudicate the issues or claims.  See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 n.15

16  (1979) (indicating the lack of ability to engage in full scale discovery may preclude the

17  application of collateral estoppel).  However, the lack of discovery in plaintiff's prior State

18  habeas proceeding does not preclude the application of collateral estoppel in this action.  Here,

19  the State habeas court determined that the process set forth in Title 15 for the loss and restoration

20  of good time credits did not violate plaintiff's due process rights.  This is the exact same issue

21  raised in plaintiff's complaint before this court.  Plaintiff's contention that State courts never

22  grant prisoner's petitions is not meritorious; an unfavorable decision does not render a prior court

23  decision invalid.  The undersigned finds collateral estoppel is applicable, and defendants' motion

24  to dismiss on this ground should be granted.

25  / / /

26  / / /

9

1          D.  Due Process

2          Finally, defendants argue that plaintiff fails to state a claim for denial of due

3   process as he was given all process that was due.

4          Plaintiff contends Title 15 creates a liberty interest in the restoration of credits, but

5   fails to provide sufficient due process.  He argues that § 3327 is "self-acting in forfeiting an

6   inmates eligibility to restore good time credits without affording due process 'before' the

7   decision revoking an inmates eligibility and thus, allows a case worker to do it arbitrarily without

8   providing an inmate a hearing (revocation) to formally forfeit an inmates eligibility in

9   conformance with the due process clause."  (Pl. Opp., Doc. 27 at 9-10).

10         The Due Process Clause protects prisoners from being deprived of life, liberty, or

11   property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

12   state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or

13   property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672

14   (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Liberty interests can arise both from

15   the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum

16   v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In

17   determining whether the Constitution itself protects a liberty interest, the court should consider

18   whether the practice in question "is within the normal limits or range of custody which the

19   conviction has authorized the State to impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at

20   1405.  Applying this standard, the Supreme Court has concluded that the Constitution itself

21   provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the

22   general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges,

23   see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see

24   Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v.

25   Wakinekona, 461 U.S. 238, 245-47 (1983).

26   ///

1    In determining whether state law confers a liberty interest, the Supreme Court has

2    adopted an approach in which the existence of a liberty interest is determined by focusing on the

3    nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the

4    Court has held that state law creates a liberty interest deserving of protection only where the

5    deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the

6    sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the

7    ordinary incidents of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in

8    the procedures used in prison disciplinary hearings where a successful claim would not

9    necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th

10   Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not

11   result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v.

12   Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate

13   release from prison were cognizable under § 1983).

14   In this case, plaintiff's claim of denial of due process arises from the lack of a

15   hearing to determine whether an inmate meets the criteria for the restoration of good time credits

16   previously lost due to a rules violation.  Thus, the court is not looking at whether due process was

17   provided for the loss of the credits, but rather whether a hearing is required by due process for the

18   restoration of those credits previously lost where there was no due process violation relating to

19   the loss thereof.  As a prisoner has no federally protected liberty interest in good-time credits, see

20   Wolff, 418 U.S. at 557, the court looks to whether state law confers such an interest.  The

21   deprivation plaintiff is challenging is the lack of a hearing.  The court is hard pressed to find any

22   deprivation here.  Plaintiff admits he lost the good time credits due to violating the rules.

23   Plaintiff does not claim a violation of due process in losing those credits.  He argues that because

24   the prison failed to provide him a hearing to determine if he is entitled to restore those lost

25   credits, the prison is effectively depriving him of the credits for a second time.  The court does

26   not agree with his reasoning.  The provision for restoring lost credits is a reward for good

behavior.  There are certain requirements set forth in that provision as to how long an inmate

must remain disciplinary free before he can qualify for the restoration.  If an inmate fails to

remain disciplinary free for the required amount of time, he is not entitled to the restoration of

credits.  Plaintiff fails to explain how exactly that process violates due process, and how a

hearing in that situation could alter the results and make the process more fair.

The undersigned agrees that plaintiff fails to state a claim for violation of his due

process rights.  Therefore, as an alternative reason from those given above, the motion to dismiss

should be granted for plaintiff's failure to state a claim.

### III.  Conclusion

Based on the foregoing, the undersigned finds that to the extent plaintiff is

challenging the denial of his application to restore his good time credits, such a claim needs to be

raised in a habeas petition not a § 1983 action, and should be dismissed from this case.  Based on

the information before the court, it does not appear that the statute of limitations has run on

plaintiff's claim challenging the procedures used for restoration of lost good time credits.

However, given the State court's determination in plaintiff's state habeas action that due process

is not violated by the challenged procedures, the undersigned finds collateral estoppel is

applicable to bar plaintiff from proceeding on the same issue in this action and the motion to

dismiss should be granted.  Alternatively, the undersigned finds plaintiff's complaint fails to state

a claim for denial of due process based on the procedures challenged for restoration of good time

credits.

Accordingly, the undersigned recommends that defendants' motion for judicial

notice (Doc. 26) and motion to dismiss (Doc. 25) be granted.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of

1   objections.  Failure to file objections within the specified time may waive the right to appeal.

2   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4   DATED:  February 21, 2012

5

6                                       **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26